JOHN M. WILSON ET AL., PLAINTIFFS IN ERROR, v. STATE,. KARLE, PROSECUTOR, DEFENDANT IN ERROR.

1. A statute that provides, in proceedings of assessments for public improvements, for a hearing, on notice to all parties interested, before the Court of Common Pleas, to which court the commissioners are to report, cannot be declared void on the ground that such parties are not, in the first instance, given a hearing before such commissioners.
2. It is a legislative function to decide the kind of hearing that is proper..

On error to the Supreme Court.

For the plaintiff in error, *J. D. Bedle.*

For the defendant in error, *J. Flemming.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE, . This is a case arising out of the assessment against certain lands benefited by the improvement of a certain street in the county of Hudson, the work being done by force of the same laws that were under consideration in the case of State, Freeholders of` Hudson *v.* Road Commissioners, decided at the present term of this court. One of the points involved was also disposed of this term, in the case of State, Society, &c., pros., *v.* Paterson. The questions thus settled will not be here noticed.

But there is a new point in this case, on which the proceedings were set aside in the Supreme Court, and which it becomes necessary to consider and determine.

Wilson v. Karle.

The supposed defect in this procedure, here alluded to, is that the land-owner had no notice, either actual or constructive, of the hearing before the commissioners, and therefore had no opportunity of presenting his case before them. The decision brought here for review held this to be a fatal infirmity. It was treated as the ordinary case in which a special body, qualified to perform a *quasi* judicial function, is authorized to decide some matters affecting proprietary interests. There can be no doubt that, in all such cases, the persons whose interests are to be passed upon should have the offer of a hearing, for this is one of the dictates of natural justice. So entirely is this the case, that whenever a statute has empowered such judicial acts to be performed, and has been silent with respect to a notification to the persons interested, the necessity to give such citation has invariably been imported in such legislation, by judicial intendment. There are a number of decisions in this state maintaining, in quite emphatic terms, this doctrine. The case of *State* v. *Mayor and Common Council of Jersey City,* 4 *Zab.* 664, is one of such series, for it is an illustration of the principle that where the statute makes no provision on the subject, the land-owner whose property is sought to be encumbered with one of these assessments, has an implied right to a notice of the time and place of the official action. This judgment was undoubtedly correct. But the case now pending does not appear to me to fall within the rule of this class of decisions, for it is discriminated from them by an important particular. The difference is this: The present act does, in express terms, provide for a hearing in the course of this procedure, its provision in this respect being substantially this: the judges of the Common Pleas of Hudson county are required to appoint three commissioners to assess the costs of these street improvements upon the land benefited, in certain specified proportions, and such commissioners are to make a report, accompanied with a map of the lands assessed, and which report is to be filed with the clerk of said court; then notice is to be given for a prescribed period, through the public

newspapers, " of the filing of said report and map, and that the same will be presented to the Court of Common Pleas of the county of Hudson for confirmation, at a time to be speci-- fied in said notice, and that said court will, at said time and place, receive and consider all objections which may be pre- sented in writing, against the confirmation of said assess- ment;" and such objections are to be considered and adjudi- cated by the said court. Power is given to the court, on such, hearing, to confirm or correct or alter such report.

In view, then, of such legislative scheme, the only question arising is, whether, according to any known legal principles, this court can say that the provision thus made is so insuffi- cient that, if the statutory course be pursued, the procedure must fall. It is urged that a hearing before the Court of Common Pleas is not as beneficial to the land-owner as a. hearing before the commissioners would be. Such is not my opinion, for I think the former much the more preferable, as it would take place before a court of general jurisdiction, having the power to compel the attendance of witnesses and to examine them under oath. But, granting the inferiority alleged, what legal value has the fact? Who is to be the judge of what is best in such case, the court or the legisla- ture? Such matters, I think, are plainly within the province of the law-maker. It is to be remembered that the making of the assessment was an exercise of the taxing power, and that the hearing provided for was very similar to that which usually obtains in the process of ordinary taxation. In the common mode, the assessor values and assesses the property, and the person assessed has an opportunity of a hearing before the commissioners of appeals, and not, in the first instance, before the taxing officer. And in the plan appointed by the present act, we have the counterpart of such a pro- cedure, if we substitute for the appellate tribunal held by the commissioners of appeals in cases of taxation, the Court of Common Pleas. The legislature, in the act now before us, has provided that the land-owner shall have a hearing of a prescribed character, and I do not see how this court can say

that such hearing is not sufficient, but that he must have two hearings. For this error, I think the judgment in the Supreme Court should be reversed.

The other important questions presented in this case for consideration have already been disposed of in the other cases, in the present term. With respect to minor objections, that have not been so settled, I concur in the views expressed in the Supreme Court.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, MAGIE, PARKER, REED, VAN SYCKEL, CLEMENT, DODD, GREEN—10.